UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MONDRELL WILSON (#378506)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 11-289-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 28, 2011.

                                        STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONDRELL WILSON (#378506)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 11-289-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 15. The motion is opposed.[1]

**Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Capt. Luke Rheams and Asst. Warden Leslie Dupont, Sr. Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.

Defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P., for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Specifically, all defendants moved to dismiss the plaintiff's claims against them insofar as they were sued in their official capacities. Defendants Warden Cain and Asst. Warden

---

[1] Record document number 16.

Dupont also moved to dismiss the plaintiff's claims against them insofar as they were sued in their individual capacities. Defendant Capt. Rheams did not move to dismiss the plaintiff's excessive force claim against him.

**Applicable Law and Analysis**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**Eleventh Amendment Immunity**

All defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as they were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of constitutional rights. However, the plaintiff did not seek prospective injunctive relief. Therefore, the plaintiff's claims against the defendants in their official capacities is not actionable under § 1983.

**Respondeat Superior**

Plaintiff named Warden Cain and Asst. Warden Dupont as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain and Assistant Warden Dupont are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**False Disciplinary Report**

In his opposition to the defendants' motion to dismiss the plaintiff argued that Capt. Rheams issued him a false disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94

5

(M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**Excessive Force Claim Against Defendant Capt. Rheams**

Defendant Capt. Rheams did not seek dismissal of the plaintiff's excessive force claim against him. Nonetheless, this claim should be dismissed.

Plaintiff alleged that on June 23, 2010, he was sitting in his wheelchair waiting for his daily medication. Plaintiff alleged that Capt. Rheams came out of his office and ordered all persons not waiting for medications to leave the area. Plaintiff alleged that without warning Capt. Rheams approached him from behind, placed him a "Full-Nelson Choke Hold" and lifted him from his wheelchair and threw ("slung") him to the ground. Plaintiff alleged that he was sent to the prison hospital. Plaintiff alleged that he was issued a disciplinary report and was found guilty of the disciplinary infraction by the Disciplinary Board.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

6

from such relief.

Subsection (e) of 42 U.S.C. § 1997e provides as follows:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of defendant Capt. Rheams' alleged use of force.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted and this action be dismissed, unless within 14 days after the court's ruling on the motion, or such other reasonable time as may be fixed by the court, the plaintiff files an amended complaint alleging facts sufficient to state a claim upon which relief can be granted against the defendants.

Baton Rouge, Louisiana, October 28, 2011.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE