UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MONDRELL WILSON (#378506)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 11-289-BAJ-SCR

**<u>RULING ON MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL</u>**

Before the court is the Motion for Leave to File Documents Under Seal filed by defendants Warden N. Burl Cain, Asst. Warden Leslie Dupont and Capt. Luke Rheams. Record document number 58.

Defendants seek to file under seal the Confidential Investigative Report (the "Report") issued by the prison's Investigative Services Department relating to the June 23, 2010 incident which forms the basis of the plaintiff's claims. The defendants rely heavily on the Report to support their contemporaneously-filed Motion for Summary Judgment, in which they refer to the report as Exhibit E.[1] In the Memorandum in Support of Defendants' Motion for Summary Judgment the defendants cite their supporting evidence in the footnotes. The memorandum contains 44 footnotes, 24 of which cite the Report exclusively or along with other evidence. The portions of the Report cited include statements from both corrections officers and inmates (including

_____

[1] Record document number 57.

Ledet

plaintiff Wilson and defendant Capt. Rheams), and none of these statements apparently were made under oath.

Defendants' justification for seeking to file the Report under seal - and to not provide a copy of it to the plaintiff - is as follows:

> The Louisiana Department of Public Safety and Corrections has legitimate security concerns in releasing investigative reports because such reports may contain the names of confidential inmate informants, investigative methodologies, and investigative findings that, if provided to the plaintiff, could be distributed throughout the inmate population.[2]

Defendants did not assert that this Report identifies any confidential informant or reveals any confidential investigative methodology, and it is not apparent that it does either. It does include an investigative finding, but the substance of that finding surely is already known to the plaintiff. And the essence of it is contained in the Memorandum in Support of Defendants' Motion for Summary Judgment. But even if that were not so, the defendants did not explain how revealing that finding to the plaintiff, or the inmate population as a whole, would be a threat to security or otherwise compromise institutional security.

Defendants want to bar the plaintiff from having access to extensive information they offered in support of their summary judgment motion. But they have not shown that giving the information to the plaintiff would impair any legitimate security

---

[2] Record document number 58, pp. 1-2 (emphasis added).

interest.

In the past, the court has often, and almost routinely, granted such motions for leave to file under seal without careful consideration of the factual and legal basis for sealing a particular document in a particular case. Henceforth, such motions will not be granted on a routine basis.

Accordingly, the Motion for Leave to File Documents Under Seal filed by defendants Warden N. Burl Cain, Asst. Warden Leslie Dupont and Capt. Luke Rheams is denied. If, within 15 days, the defendants do not withdraw the Report as support for their summary judgment motion, the clerk of court will be directed to unseal the Report and the defendants will be required to serve the plaintiff with a copy of it. Alternatively, the defendants may re-file their motion. A re-filed motion must (1) identify the specific parts of the Report which the defendants contend identifies confidential informants, reveals investigative methodologies, or otherwise would constitute a legitimate threat to security if revealed to the plaintiff or became known to the inmate population, and (2) explain how revealing the information to the plaintiff, or the information becoming known to the inmate population, would constitute a legitimate threat to security. Furthermore, if a re-filed motion is granted, that should not be taken as a finding that any part of the Report will automatically be considered as summary judgment evidence which the court may properly consider under Rule 56. That

Case 3:11-cv-00289-BAJ -SCR   Document 59   02/05/13   Page 3 of 4

is a separate issue.

Baton Rouge, Louisiana, February 5, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4