UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONDRELL WILSON (#378506)

VERSUS                                               CIVIL ACTION

N. BURL CAIN, ET AL                                  NUMBER 11-289-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 15, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MONDRELL WILSON (#378506)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 11-289-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court are the Defendants' Motion for Summary Judgment and the Plaintiff's Motion for Summary Judgment. Record document numbers 57 and 63, respectively. Defendants opposed the plaintiff's motion.[1] For the reasons which follow, both motions should be denied.

### I. Background

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, ("LSP") filed this action pursuant to 42 U.S.C. § 1983 against Capt. Luke Rheams.[2] Plaintiff alleged that he was subjected to an excessive use of force in violation of

---

[1] Record document number 65.

[2] In his original Complaint, the plaintiff also named Warden N. Burl Cain and Asst. Warden Leslie Dupont, Sr. as defendants. On February 7, 2012, the plaintiff's Amended Complaint was filed, naming only Capt. Rheams as a defendant. Record document number 32. Moreover, in the Plaintiff's Motion for Summary Judgment he acknowledged that he amended the complaint to dismiss Warden Cain and Asst. Warden, leaving Capt. Rheams as the only defendant. Record document number 63, p. 2, ¶ III.

his constitutional rights.

Plaintiff moved for summary judgment relying on a statement of undisputed facts.

Defendant[3] moved for summary judgment relying on a statement of undisputed facts, the affidavits of Capt. Rheams and Carl Smith, a copy of the disciplinary report issued to the plaintiff on June 23, 2010, a copy of the Investigative Services Report dated July 29, 2010, and the results of Administrative Remedy Procedure ("ARP") LSP-2010-2002.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in

---

[3] Because the Amended Complaint did not name Warden Cain or Asst. Warden Dupont as defendants and did not allege any facts against them, a motion for summary judgment by them was not necessary.

Moreover, the claims against Warden Cain and Asst. Warden Dupont in the original Complaint failed to state a claim upon which relief could be granted.  To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation in the original Complaint that Warden Cain and Asst. Warden Dupont are responsible for the actions of their subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).  The court need only consider cited materials, but it may consider other materials in the record.  Rule 56(c)(1)(3).

### B. Excessive Force

Plaintiff alleged that on June 23, 2010, he was sitting in his wheelchair waiting for his daily medication.[4]  Plaintiff alleged that Capt. Rheams came out of his office and ordered all persons not waiting for medications to leave the area.  Plaintiff alleged that, without any provocation Capt. Rheams, approached him from behind, placed him in a choke hold and lifted him from his wheelchair and threw ("slung") him to the ground.  Plaintiff alleged that he was choked to near unconsciousness, but his injury was minor.  Plaintiff alleged that he was sent to the prison infirmary for examination.  Plaintiff alleged that he was issued a disciplinary report and was found guilty of the disciplinary infraction by the Disciplinary Board.

Defendant Capt. Rheams offered a different version of the

---

[4] Although the plaintiff filed a motion for summary judgment, he did not attach his own affidavit.  However, a review of the record showed that the plaintiff filed a verified complaint which contains a version of the incident substantially different than the version recounted by the defendant.  The court can properly treat this verified pleading as an affidavit in opposition to the Defendants' Motion for Summary Judgment since the plaintiff was competent and made the assertions based on personal knowledge. *See, Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77 (5th Cir. 1987).

3

incident. According to Capt. Rheams, on the day of the incident the plaintiff was waiting for his medication in front of the West Yard Major's office.[5] Capt. Rheams ordered several prisoners, including the plaintiff, to clear the walk.[6] Plaintiff refused, stating that he was not going anywhere until he was given his medication.[7] Capt. Rheams gave the plaintiff a direct order to clear the walk and return to his dormitory.[8] Plaintiff once again refused to comply, stating that he was not going anywhere until he got his medication.[9] Plaintiff then rolled his wheelchair into the pill call line.[10] Capt. Rheams then ordered the plaintiff to go to the major's office.[11] When the plaintiff refused to comply, Capt. Rheams approached the plaintiff and attempted to wheel him into the major's office.[12] Capt. Rheams placed his hands on the plaintiff's shoulders to guide the wheelchair into the office because the

---

[5] Record document number 57-4, Exhibit B, affidavit Luke Rheams, p. 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 2.

[12] *Id.*

wheelchair did not have handles.[13]  As Capt. Rheams was pushing the wheelchair, it suddenly stopped and tilted backwards.[14] Capt. Rheams grabbed the plaintiff by the shirt to keep him from falling and called for assistance.[15]  Capt. Carl Smith came out of the office to assist Capt. Rheams in placing the plaintiff back in his wheelchair.[16]  Plaintiff was taken to the Treatment Center for evaluation.[17]

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986).  A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

There is conceptual distinction between the *de minimis* injury and a *de minimis* use of force.  *See Wilkins v. Gaddy*, 599 U.S. 34, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam) ("Injury and force,

---

[13] *Id*.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*.

however, are only imperfectly correlated, and it is the latter that ultimately counts."). To prevail on an Eighth Amendment excessive force claim, the plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996). The Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10, 112 S.Ct. at 1000. The absence of serious injury, while relevant to the inquiry, does not preclude relief. The Fifth Circuit Court of Appeals has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an Eight Amendment excessive force claim. *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006).

Moreover, the Supreme Court has made clear that the presence of even minor injuries do not relieve the defendants of liability for using excessive force. *See Wilkins*, 130 S.Ct. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). For Eighth Amendment purposes, evidence of the existence and extent of injuries are not dispositive. Instead, such information is considered in conjunction with the other *Hudson* factors to help

determine whether the force used was excessive. *See Brown*, 472 F.3d at 386-87 ("In evaluating excessive force claims, courts may look to the seriousness of the injury to determine 'whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.'") (quoting *Whitley*, 475 U.S. 321, 106 S.Ct. 1085).

Plaintiff's medical records showed that the plaintiff was examined following the incident. Plaintiff complained of left hip pain and a tingling sensation down his left leg and made no other complaints.[18] X-rays of the plaintiff's left hip and leg were ordered.[19]

Plaintiff alleged that he was choked to near unconsciousness and thrown to the ground. Even if the medical records show that the plaintiff could prove only that he suffered hip pain and a tingling down his leg, this is not per se a *de minimis* injury. There are also significant material facts in dispute regarding the remaining *Hudson* factors, i.e., need for the application of force, relationship between the need and use of force, the threat perceived by the official, and efforts made to temper the severity of the response. *See Hudson*, 503 U.S. at 6-7, 112 S.Ct. at 998-

---

[18] Record document number 58-2, LSP investigation report AIS-10-F-0470 (filed under seal), p. 13 (Accident/Injury Report dated June 23, 2013).

[19] *Id.*

7

999.

**C. Supplemental Jurisdiction**

District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.  Insofar as the plaintiff alleged state law claims against the defendant and sought to invoke the court's supplemental jurisdiction, those claims would depend on the resolution of state law issues entirely distinct from the plaintiff's Eighth Amendment claims.  The court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the both the Plaintiff's Motion for Summary Judgment and the Defendant's Motion for Summary Judgment be denied, and that this action be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, April 15, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE